NO. 07-03-0463-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 30, 2004

_____

IN THE INTEREST OF L.L., T.Y. AND D.C., CHILDREN

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2002-517,011; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

**ORDER ON ABATEMENT AND REMAND**

On October 23, 2003, the appellate clerk received and filed a copy of a notice of appeal from appellant Twila Young. The notice sought to appeal from an order signed on August 29, 2003. Young did not pay the appellate filing fee. This court abated the appeal pending payment of the filing fee and determination of appellate jurisdiction.

Subsequently, the reporter's record of a jury trial in August 2003, a clerk's record, and a motion by Young have been filed. Young has not paid either the appellate filing fee or the fee due for filing of her motion. We note in the clerk's record an order by the district

court determining that she is indigent and a subsequent order by the associate judge presiding over the August 2003, jury trial determining that she is not indigent.

Based on the record before us at this time, we determine that Young's notice of appeal is sufficient to invoke appellate jurisdiction over her appeal.

Accordingly, pursuant to Young's motion, this matter is abated and the cause is remanded to the trial court. TEX. R. APP. P. 2. Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, then whether appellant is indigent; (3) if appellant is indigent and desires to prosecute this appeal, whether appellant's present counsel should continue to represent her pursuant to the court's prior order appointing counsel; and (4) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal.

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law and recommendations, and cause them to be included in a supplemental clerk's record; (3) cause the hearing proceedings, if any, to be transcribed and included in a supplemental reporter's record; (4) cause the records of the proceedings to be sent to this court; and (5) make and enter any orders appropriate to clarify appellant's status as indigent or non-indigent, and the status of appellant's appointed counsel.

In the absence of a request for extension of time from the trial court, the supplemental clerk's record, supplemental reporter's record, and any additional proceeding records, including any orders, findings, conclusions and recommendations, are to be sent so as to be received by the clerk of this court not later than July 28, 2004.


Per Curiam